IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A. AGUIRRE, et al.,<br><br>　　　　Defendants. | 1:08-cv-00275-OWW-SMS-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION<br>(Doc. 6)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**I.　RELEVANT PROCEDURAL HISTORY**

Tracye Washington ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on February 27, 2008. (Doc. 1.) On February March 25, 2008, plaintiff filed a motion for preliminary injunctive relief. (Doc. 6.)

**II.　PRELIMINARY INJUNCTION**

　　**A.　Legal Standard**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination

1

of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>.

**B.     Discussion**

In the motion for preliminary injunctive relief, plaintiff requests a court order enjoining defendants from retaliating against him for filing and litigating this civil action, and enjoining defendants from violating the written double-celling policy. This action is proceeding against defendants for failing to protect plaintiff from harm, for retaliating against him for filing other complaints against correctional staff, for having him assaulted for participating in a documentary, and for denying him adequate medical treatment. Because an order enjoining defendants from retaliating against him for filing *this* civil action, and from violating the double-celling policy *now* would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court finds that plaintiff's motion must be denied.

**III.    CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed February 25, 2008, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 16, 2008**               /s/ **Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE