1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    TRACYE B. WASHINGTON,                    CASE NO. 1:08-cv-00275-SMS PC

10                        Plaintiff,            ORDER REQUIRING PLAINTIFF TO EITHER
                                              FILE AMENDED COMPLAINT OR NOTIFY
11          v.                                COURT OF WILLINGNESS TO PROCEED
                                              ONLY ON CLAIMS FOUND TO BE
12   A. AGUIRRE, et al.,                      COGNIZABLE

13                        Defendants.
                                          /   (Doc. 29)
14   _____

15                              **Screening Order**

16        Plaintiff Tracye B. Washington is a state prisoner, proceeding *pro se* and in *forma*

17   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 and California state law.

18   Plaintiff filed a second amended complaint on September 25, 2009 (doc. 29).  He consented to

19   the jurisdiction of a U.S. Magistrate Judge on March 12, 2008 (doc. 5).

20   **I.**      **Screening Requirement**

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.   Plaintiff's Claim

### A.   Summary of Complaint

Plaintiff is a prisoner housed in a special cell designed for inmates with mobility impairments at Kern Valley State Prison ("KVSP"). Plaintiff's disability arises from degenerative arthritis in both knees, the severity of which requires plaintiff to wear leg braces and to use a cane. His cell is designed to accommodate inmates with mobility impairments.

On August 6, 2007, defendant John Doe, a facility sargeant, assigned Holloway to plaintiff's cell. Plaintiff had previously bunked alone and had not requested a cell mate. Holloway demonstrated mental instability, laughing and engaging in animated conversations, apparently with himself. Holloway identified himself as a member of an African-American gang,

2

4-1-5 Kumi.  He advised plaintiff that correctional staff had previously attempted to assign him to the cell of another mobility impaired inmate.

The following day, Holloway attempted to engage plaintiff in conversation about homosexual encounters.  Plaintiff then ended communication with Holloway and later, requested that Holloway move to another cell. That evening, Holloway asked Correctional Officer Trueworthy to move him and handed Trueworthy a request for interview (Form GA-22). Trueworthy took no action on the request before his shift ended.

At 10:00 p.m., Holloway stood over plaintiff, who was lying in his bunk.  Holloway's crotch was within inches of plaintiff's face.  Plaintiff rose to confront him.  After Holloway responded that the cell belonged to both of them and that Holloway could stand wherever he wanted, Holloway struck plaintiff with a closed fist and knocked him down several times. At one point, when plaintiff could not get up, Holloway repeatedly attempted to bang plaintiff's head against the concrete floor.  Holloway eventually allowed plaintiff to get up onto his bed, but then struck him with a laundry bag containing apples, splitting plaintiff's lip.  Plaintiff did not retaliate.

At the head count an hour later, plaintiff advised defendant Aguirre[1] that he and Holloway had fought and that he required separation and medical care.  Because plaintiff had turned up the cell lights and stood close to the bars, Aguirre was able to observe plaintiff's injuries: a bleeding head wound and bruising and abrasions on his back, arms, elbows, and shins.  Because of his arthritis, plaintiff was in severe pain.  Although Aguirre indicated that she would advise her supervisor, defendant Wattree,[2] she did not return until the 1:00 a.m. count.

At the 1:00 a.m. and 3:00 a.m. counts, plaintiff again asked Aguirre for medical attention and separation from Holloway.  Aguirre assured plaintiff that she had advised her sargeant of his request and could do no more.  Plaintiff told Aguirre that remaining in the cell with Holloway endangered his life.

---

[1] This defendant's name is spelled "Aguirre" in the caption and "Agurrie" in the body of the complaint.  This order refers to the defendant as Aguirre.

[2]  This defendant's name is spelled "Wattree" in the caption and "Watters" in the body of the complaint. This order refers to the defendant as Wattree.

Ultimately, plaintiff and Holloway refused to surrender their trays after breakfast, insisting that they be separated and seen by medical staff.  Defendant Bascondillo refused, stating,"You can fight again for all I care."  When plaintiff and Holloway continued to hold their meal trays, Bascondillo secured Correctional Officer Perez as back-up, vainly tried again to collect the trays, then left.

Plaintiff again requested medical attention when Nurse Carter brought his morning medication.  Carter arranged for Bascondillo and Perez to escort plaintiff and Holloway to medical holding cells in return for their surrender of the meal trays.  Thereafter, plaintiff and Holloway were examined and treated.  Sergeant Sotello had plaintiff and Holloway sign a form confirming that they could not live in the same facility, and Holloway was moved elsewhere.

**B.      "John Doe" Defendant**

Plaintiff names as a defendant John Doe 1, the correctional sergeant responsible for assigning Holloway to plaintiff's cell, whose name is presently unknown to plaintiff.  The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).  *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons.  *Ibid.*  "While Doe pleading is disfavored, it is not prohibited in federal practice."  *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008).  When a plaintiff is not able to name one or more defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify.  *See*

1   *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2

2   (1971) (in which "the District Court ordered that the complaint be served upon 'those federal

3   agents who it is indicated by the records of the United States Attorney participated in the

4   November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162

5   n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to

6   provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the

7   court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at

8   the time of his release' and the 'Duty Roster for that day.'") Plaintiff has sufficiently identified

9   John Doe 1 as the correctional sergeant responsible for assigning Holloway to plaintiff's cell.

10          Plaintiff is reminded, however, that John Doe 1 cannot be served in this case until plaintiff

11  has identified him or her as an actual individual and amended his complaint to substitute his or

12  her name for John Doe 1.

13          **C.    <u>Failure to Protect</u>**

14          "Prison officials have a duty to take reasonable steps to protect inmates from physical

15  abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*,

16  511 U.S. 825, 833 (1994).  Plaintiff contends that since the defendants knew, or should have

17  known, about Holloway's mental illness and aggressive tendencies, assigning Holloway to share a

18  cell with a vulnerable disabled inmate such as plaintiff and failing to remove him immediately

19  when plaintiff's and Holloway's incompatibility became clear indicates defendants' deliberate

20  indifference to plaintiff's safety.

21          First, John Doe I assigned Holloway to share a cell with plaintiff without conducting the

22  usually compatibility screening required by KVSP policy.  Plaintiff suggests that Doe omitted the

23  required screening because Holloway's predatorial behavior was well known and Doe would not

24  or could not take appropriate measures to deal with Holloway's behavior.

25          Second, after Holloway was assigned to plaintiff's cell and their incompatibility became

26  obvious, defendants Aguirre, Wattree, Trueworthy and Bascadillo violated plaintiff's

27  constitutional right to safety by failing to separate him and Holloway.  Plaintiff alleges that, had

28  Trueworthy simply taken the time to investigate Holloway's request for reassignment, Holloway

would never had the opportunity to beat and injure plaintiff.  Once Holloway had beaten plaintiff, Aguirre and her supervisor, Wattree, ignored regulations requiring the separation of inmates after fights and left plaintiff to spend the full night clutching the bars of his brightly lit cell, pleading for assistance and fearing another attack.  Finally, Bascadillo refused to separate Holloway and plaintiff after breakfast and to secure medical assistance, telling plaintiff that he and Holloway could "fight again for all I care."

To establish a violation of his right to safety, an inmate must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  *See Farmer*, 511 U.S. at 834.  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir.), *amended*, 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916 (1995).  However, to prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff contends that KVSP correctional officers, including but not limited to Aguirre, Wattree, Trueworthy and Bascadillo, knew or should have known that Holloway was psychotic and a physical and sexual predator.  Particularly in light of plaintiff's disability, each of the defendants who placed or allowed Holloway to remain in the cell acted with deliberate indifference to plaintiff's safety.  In addition, as soon as Aguirre, Wattree, Trueworthy and Bascadillo became aware that plaintiff and Holloway were incompatible or fighting, he or she should have recognized the substantial risk to a disabled inmate such as plaintiff and separated him and Holloway.  Thus, Trueworthy was deliberately indifferent to plaintiff's safety when he accepted Holloway's written request to be moved but neither investigated the situation nor took any action, and Aguirre, Wattree, and Bascadillo demonstrated indifference by failing to separate plaintiff and Holloway once they had fought and plaintiff had been injured.

Aguirre took no action even after plaintiff and Holloway had fought, and plaintiff had shown Aguirre his injuries in a fully lit cell. Plaintiff emphasizes that Aguirre could simply have pressed her personal alarm to summon help on plaintiff's behalf. Plaintiff alleges that Aguirre ignored his requests on each of her three nightly counts despite plaintiff's standing at the bars of his fully lit cell, begging for someone to separate him from Holloway. Because Aguirre represented that she reported the incident to her supervisor, defendant Wattree was deliberately indifferent in that he neither directed Aguirre to separate plaintiff and Holloway nor came to their cell to investigate.

Finally, Bascadillo refused to separate plaintiff and Holloway, callously telling plaintiff, "You can fight again for all I care." Accordingly, plaintiff states a cognizable claim for failure to protect against Aguirre, Wattree, Trueworthy and Bascadillo.

## IV.   State Claims

### A.   Federal Court Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

Because plaintiff has alleged a cognizable § 1983 claim, the federal court could exercise pendant jurisdiction over his state claims if these were properly pleaded. Unfortunately, plaintiff's list of state tort claims does not articulate his claims sufficiently to permit the court to conclude whether they are cognizable. If plaintiff elects to amend his state claims, as he is permitted to do by this order, he must supplement his complaint to more fully explain the nature of each state claim and allege facts supporting each one. In addition, the court observes the following specific matters relating to certain of plaintiff's claims.

### B.   Negligence

Plaintiff alleges negligence on the part of each defendant, but, except for indicating that

Doe's negligence arose from his failure to "properly investigate/house," plaintiff does not identify the nature of the negligence alleged against each defendant.  The elements of a negligence claim are duty, breach of duty, proximate cause, and damages.  *Minch v. Department of California Highway Patrol*, 140 Cal.App.4th 895, 900-01 (Cal. App. 2006).  If plaintiff elects to amend his complaint, as this order permits him to do, he must more fully articulate the nature of the negligence alleged against each defendant and factual allegations supporting each element of his claims.

### C.      Negligent Training and Supervision

Plaintiff alleges defendant Wattree with failure to supervise and to train.  Presumably, plaintiff's allegations refer to Wattree's training and supervision of defendant Aguirre, but he does not say so.  As with his claims for general negligence, plaintiff must more fully articulate the nature of the negligence alleged against Wattree and the factual allegations supporting each element of his claims.

### D.      Failure to Act, Protect or Intervene; Negligent Failure to Investigate

Failure to act, failure to protect, failure to intervene, and negligent failure to investigate/house are not torts recognized by those names.  If plaintiff elects to amend his complaint, as this order permits him to do, he must more fully identify these alleged torts, specifying whether they are negligent or intentional and alleging facts supporting each element of the negligent or intentional tort.

### E.      Pain and Suffering

Pain and suffering is not a tort but an element of the damages that a plaintiff may recover as a result of a tort.  Accordingly, if he elects to amend his complaint, plaintiff should articulate the factual allegations relating to the pain and suffering he experienced as part of his claim for damages from the alleged state tort claims.

### III.      Conclusion and Order

Plaintiff's complaint states a claim against defendants under the Eighth Amendment for failure to protect, but fails to articulate the state claims in sufficient detail or to allege facts in support of the elements of each.  This court will provide plaintiff with the opportunity to file an

1  amended complaint curing the deficiencies identified in this order.  *Noll v. Carlson*, 809 F.2d
2  1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,
3  unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4      If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only
5  on his federal claims, plaintiff may so notify the court in writing, and the court will issue a
6  recommendation for dismissal from this action of plaintiff's pendant state claims.  The court will
7  then forward to plaintiff four summonses and four USM-285 forms for completion and return.[3]
8  Upon receipt of the completed forms, the court will direct the United States Marshal to initiate
9  service of process on Aguirre, Wattree, Trueworthy and Bascadillo.

10     If plaintiff elects to file an amended complaint, plaintiff is advised that an amended
11 complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th
12 Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and
13 must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-
14 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not
15 alleged in an amended complaint are waived."  *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at
16 1474.

17     Based on the foregoing, it is HEREBY ORDERED that:

18     1.   Plaintiff's state claims fail to state a cause of action against defendants;

19     2.   The Clerk's Office shall send plaintiff a civil rights complaint form;

20     3.   Within **thirty (30) days** from the date of service of this order, plaintiff must either:

21          a.   File an amended complaint curing the deficiencies identified by the court in
22               this order, or

23          b.   Notify the court in writing that he does not wish to file an amended
24               complaint and wishes to proceed only on his federal claims against the
25               defendants;

26     4.   If plaintiff fails to comply with this order, this action will be dismissed for failure
27          to obey a court order.

28

---

[3] Service cannot be made on John Doe 1 until a specific individual is identified as the defendant.

1

2    IT IS SO ORDERED.

3    **Dated:   November 19, 2009**                              **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28